FILED

2014 Oct-02  PM 04:11
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| WHITNEY BATES, | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | |
| JEFFERSON COUNTY, ALABAMA; | ) | |
| MIKE HALE; | ) | |
| RON EDDINGS; | ) | |
| ADVANCED CORRECTIONAL | ) | |
| HEALTHCARE, INC.; | ) | |
| NORMAN R. JOHNSON, M.D.; | ) | |
| DAVID HICKS,M.D.; | ) | |
| KAREN FOWLER; | ) | |
| MARY J. MOORE; | ) | |
| GABRIELLE N. ALLEN; | ) | |
| JASON A. BALLENGER; | ) | |
| BRENDA S. CALVERT; | ) | |
| TERESA D. COWART; | ) | |
| MALIKA A. CRAWFORD; | ) | |
| BERNICE A. EATMON; | ) | |
| LILLIE L. FLOOD; | ) | |
| ELLIOTT L. GAMBLE; | ) | |
| CATHERINE D. GAY; | ) | |
| MARILYN L. HATCHER; | ) | |
| DANIEL R. KYLE; | ) | |
| QUANITA L. PARNELL; | ) | |
| SHA'NIS D. REDIN; | ) | |
| VOLONDA M. WILKERSON; | ) | |
| JAMES N. WOODARD; | ) | |
| CHRISTY S. WALLACE; | ) | |
| FRANCES D. GRESHAM; | ) | |
| CHARDERRICK L. WILSON; and | ) | |
| LATRECE N. TAYLOR, | ) | |
| | ) | |

Defendants.                              )

## COMPLAINT

Plaintiff Whitney Bates complains of defendants, stating as follows:

### Nature of the Action

1.     This is a civil action brought by Bates, who was denied certain constitutional rights by defendants while incarcerated in the Jefferson County Jail. Specifically, defendants were deliberately indifferent to Bates' serious medical needs in violation of Bates' rights as a pretrial detainee under the Fourteenth Amendment to the United States Constitution.  Plaintiff also brings state law claims against the health care defendants.

### Jurisdiction and Venue

2.     This action arises under the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, and Title II of the Americans with Disabilities Act. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

3.     This judicial district is an appropriate venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the suit happened in this judicial district.

**Parties**

4.      Whitney Bates is of legal age and a citizen and resident of the state of Alabama.  She resides in Cullman County, Alabama.

5.      Defendant Jefferson County, Alabama is an Alabama county.  It is responsible for funding the Jefferson County Jail, including medical care at the jail. It contracted with defendant Advanced Correctional Healthcare, Inc. to provide medical services at the Jefferson County Jail.

6.      Defendant Mike Hale was the Jefferson County Sheriff at all relevant times.  As the sheriff, among other things, he is responsible for management of the Jefferson County Jail.  Defendant has a statutory duty under Alabama law to attend to the medical needs of inmates in the Jefferson County Jail.  He is sued in his individual capacity only.

7.      Defendant Ron Eddings served as the jail administrator of the Jefferson County Jail at all relevant times.  He is sued in his individual capacity only.

8.      Defendant Advanced Correctional Healthcare, Inc. (ACH) is a private for-profit corporation that is under a contractual obligation to provide medical care for inmates in the Jefferson County Jail.

9.       Defendant Norman R. Johnson , M.D. is a physician who serves as the CEO of ACH.  He is sued in his individual capacity only.

3

10.     Defendant David Hicks, M.D. is a physician who was employed by ACH to provide physician medical services and to be the director of the medical program for inmates at the Jefferson County Jail at all relevant times. He is sued in his individual capacity only.

11.     Defendant Karen Fowler is a Registered Nurse who was employed as the health services administrator at the Jefferson County Jail and oversaw medical care at the jail on a day-to-day basis at all relevant times. She is sued in her individual capacity only.

12.     Defendant Mary J. Moore is a Nurse Practitioner who was employed by ACH to provide nursing medical services for inmates at the Jefferson County Jail at all relevant times. She is sued in her individual capacity only.

13.     Defendant Gabrielle N. Allen is a Registered Nurse who was employed by ACH to provide nursing medical services for inmates at the Jefferson County Jail at all relevant times. She is sued in her individual capacity only.

14.     Defendant Jason A. Ballenger is a Registered Nurse who was employed by ACH to provide nursing medical services for inmates at the Jefferson County Jail at all relevant times. He is sued in his individual capacity only.

15.     Defendant Brenda S. Calvert is a Licensed Practical Nurse who was employed by ACH to provide nursing medical services for inmates at the Jefferson County Jail at all relevant times. She is sued in her individual capacity only.

4

16.     Defendant Teresa D. Cowart is a Licensed Practical Nurse who was employed by ACH to provide nursing medical services for inmates at the Jefferson County Jail at all relevant times. She is sued in her individual capacity only.

17.     Defendant Malika A. Crawford is a Licensed Practical Nurse who was employed by ACH to provide nursing medical services for inmates at the Jefferson County Jail at all relevant times. She is sued in her individual capacity only.

18.     Defendant Bernice A. Eatmon is a Licensed Practical Nurse who was employed by ACH to provide nursing medical services for inmates at the Jefferson County Jail at all relevant times. She is sued in her individual capacity only.

19.     Defendant Lillie L. Flood is a Registered Nurse who was employed by ACH to provide nursing medical services for inmates at the Jefferson County Jail at all relevant times. She is sued in her individual capacity only.

20.     Defendant Elliott L. Gamble is a Registered Nurse who was employed by ACH to provide nursing medical services for inmates at the Jefferson County Jail at all relevant times. She is sued in her individual capacity only.

21.     Defendant Catherine D. Gay is a Registered Nurse who was employed by ACH to provide nursing medical services for inmates at the Jefferson County Jail at all relevant times. She is sued in her individual capacity only.

22.     Defendant Marilyn L. Hatcher is a Licensed Practical Nurse who was employed by ACH to provide nursing medical services for inmates at the Jefferson

County Jail at all relevant times. She is sued in her individual capacity only.

23.     Defendant Daniel R. Kyle is a Registered Nurse who was employed by ACH to provide nursing medical services for inmates at the Jefferson County Jail at all relevant times. He is sued in his individual capacity only.

24.     Defendant Quanita L. Parnell is a Licensed Practical Nurse who was employed by ACH to provide nursing medical services for inmates at the Jefferson County Jail at all relevant times. She is sued in her individual capacity only.

25.     Defendant Sha'Nis D. Redin is a Licensed Practical Nurse who was employed by ACH to provide nursing medical services for inmates at the Jefferson County Jail at all relevant times. She is sued in her individual capacity only.

26.     Defendant Volonda M. Wilkerson is a Registered Nurse who was employed by ACH to provide nursing medical services for inmates at the Jefferson County Jail at all relevant times. She is sued in her individual capacity only.

27.     Defendant James N. Woodard is a Registered Nurse who was employed by ACH to provide nursing medical services for inmates at the Jefferson County Jail at all relevant times. He is sued in his individual capacity only.

28.     Defendant Christy S. Wallace is a Licensed Practical Nurse who was employed by ACH to provide nursing medical services for inmates at the Jefferson County Jail at all relevant times. She is sued in her individual capacity only.

29.     Defendant Frances D. Gresham is a Licensed Practical Nurse who was

6

employed by ACH to provide nursing medical services for inmates at the Jefferson County Jail at all relevant times. She is sued in her individual capacity only.

30.     Defendant Charderrick L. Wilson is a Registered Nurse who was employed by ACH to provide nursing medical services for inmates at the Jefferson County Jail at all relevant times. He is sued in his individual capacity only.

31.     Defendant Latrece N. Taylor is a Licensed Practical Nurse who was employed by ACH to provide nursing medical services for inmates at the Jefferson County Jail at all relevant times. She is sued in her individual capacity only.

## Facts

32.     On or about October 5, 2012, plaintiff was an inmate in the Jefferson County Jail.

33.     At the Jefferson County Jail, inmates are required to wash their own clothes.

34.     In order to dry their clothes, inmates are required to climb on the toilet and hang the clothes on a vent.

35.     Plaintiff, as a result of a prior injury, has a severe ankle problem that, among other things, limits her ability to balance and climb.

36.     Plaintiff complained to jail personnel that she was not able to safely hang her clothes up to dry due to her ankle and requested assistance

37.     Jail personnel denied plaintiff's request for assistance, forcing plaintiff to hang her clothes up to dry by standing on the toilet.

38.     Because of her ankle, plaintiff fell and suffered a compound open fracture of her right wrist.

39.     Plaintiff was taken to the hospital and, due to the severe nature of the injury, emergency surgery was necessary, both to alleviate the severe pain the injury was causing and to prevent further damage.

40.     Plaintiff was scheduled for surgery.

41.     ACH and jail supervisory personnel, including Hale, Eddings, Hicks, and Fowler, were informed of the need for emergency surgery and that surgery had been scheduled but made the decision to cancel the surgery and have plaintiff returned to the jail.

42.     This decision was made to avoid incurring the cost of surgery.

43.     These defendants made this decision knowing Bates would suffer unnecessary pain and suffering due to the delay and knowing that the delay might impair plaintiff's recovery from the injury.

44.     Bates was returned to the jail with prescriptions for an antibiotic (because of the risk of infection where the fracture broke the skin) and narcotic pain medication (because of the severe pain caused by the injury).

45.     Neither of the prescriptions were filled.

46.     During the next approximately 6 days plaintiff remained at the jail she did not receive pain medication except for, at most, a few doses of acetaminophen, which were completely ineffective.

47.     During this time the individual nurse defendants and defendants Hicks and Fowler were aware of plaintiff's severe injury, severe pain, and the prescription she had from the hospital, but took no (or clearly inadequate) action to address plaintiff's severe pain.

48.     Plaintiff was denied narcotic pain medication pursuant to a jail and ACH custom or policy against such medications, a policy established by Hale, Eddings, ACH, Johnson, Hicks, and Fowler.

49.     Plaintiff was denied her antibiotics as well, though her wound did not become infected.

50.     As a direct and proximate result of the actions of the individual defendants, either by directly denying or by establishing a policy and custom of denying narcotic pain medication even to individuals clearly in severe pain from an obvious injury, Bates suffered unnecessary pain and suffering.

51.     All defendants were jointly and severally the proximate cause of Bates' pain and suffering.

52.     The actions of jail and ACH personnel indicate systemic breaches of fundamental standards of correctional management and correctional health care.

9

53.     These breaches are indicative of inadequate policies and practices and inadequate training and supervision.

54.     The treatment of Bates falls far below the standard of correctional health care.

55.     Because Bates was not appropriately treated, she experienced, at a minimum, unnecessary pain and suffering.

56.     All of the individual defendants identified above acted with malice and/or with reckless disregard for Bates' constitutional rights.

57.      Bates' serious medical needs were ignored because of the customs or policies of defendants Jefferson County, Hale, Eddings, ACH, Johnson, Hicks, and Fowler of deliberate indifference to the serious medical needs of prisoners in the Jefferson County Jail.

58.     With deliberate indifference to the serious medical needs of inmates, defendants Jefferson County, Hale, Eddings, ACH, Johnson, Hicks, and Fowler failed to develop and implement adequate policies and procedures for the handling of inmates with serious health conditions and failed to adequately train jail jailers and medical staff, with the foreseeable result that inmates such as Bates would not receive appropriate treatment.

59.     More generally, defendants Jefferson County, Hale, Eddings, ACH, Johnson, Hicks, and Fowler have established deliberately-indifferent customs or

10

policies concerning inmate medical care, including but not limited to a custom or policy of delaying or denying necessary medical treatment to avoid liability for inmate medical bills.

60.     Defendants Jefferson County, Hale, Eddings, ACH, Johnson, Hicks, and Fowler were also part of an explicit or implicit agreement or plan to delay or deny necessary medical care to avoid having to pay for medical care for the inmate.  This plan included a custom or policy of delaying or denying necessary medical treatment by outside providers.  Defendants were aware this policy created a substantial risk of serious harm and inflicted unnecessary pain and suffering on inmates.

61.     More specifically, and directly applicable to Bates, defendants Jefferson County, Hale, ACH, Johnson, Hicks, and Fowler developed a policy and practice of denying inmates narcotic pain and other prescribed medications and necessary outside services, including surgery.

62.      Defendants Jefferson County, Hale, Eddings, ACH, Johnson, Hicks, and Fowler were on notice that the above-described customs or policies regarding medical care for inmates were harmful to the health of inmates and caused them to experience unnecessary pain and suffering due to delay and denial of necessary medical care. Defendants had such knowledge from prisoner complaints, communications from jailers, from their own observations, from common sense, from other incidents, from other lawsuits, and in other ways.

11

63.    To a large extent, these constitutionally-deficient policies and practices regarding inmate medical care were created and implemented by the agreement between Jefferson County, Hale, and ACH.

64.    The agreement, among other things, requires ACH to provide substantial insurance coverage, to name the county and the sheriff as additional insureds, and to indemnify the sheriff, the county, and their agents and employees in connection with any claim related to healthcare services.

65.    In whole or in part because of the agreement, Jefferson County, Hale, and Eddings have failed and refused to address known systemic deficiencies regarding medical care at the Jefferson County Jail.

66.    Under the agreement, for Jefferson County to avoid liability for excess medical care expenses, it was necessary for defendants Hale and Eddings and the jailers they managed to cooperate with ACH in controlling costs.

67.    Defendants Jefferson County and ACH and all individual defendants were aware the cost control measures implemented at the Jefferson County Jail by ACH resulted in the denial of constitutionally-required medical care for inmates with serious medical needs such as Bates.

68.    ACH's business model, reflected in the agreement, succeeds by underbidding the competition and implementing severe cost control measures, the necessary result of which is unnecessary inmate suffering and liability claims (dealt

with through liability insurance).

69.     The primary areas in which cost control measures were implemented were staffing, medications, and referrals to outside providers.

70.     In order to control costs, defendant ACH, with the knowledge and consent of defendants Jefferson County, Hale, and Eddings, staffed the Jefferson County Jail inadequately, hired sub-standard medical personnel willing to put costs over inmate health and safety, denied inmates medications, and delayed or denied medically-necessary referrals to outside providers, including necessary medical treatment like that denied Bates.

71.     Alabama law vests final policymaking authority for inmate medical care in Hale, as the representative of Jefferson County.

72.     Defendants Jefferson County and Hale, in turn, via the agreement with ACH, have delegated final policymaking authority regarding inmate medical care to ACH, and, therefore, they are liable for ACH decisions.

73.     While the agreement gives Hale and Jefferson County authority to hold ACH accountable regarding the costs of inmate healthcare, it provides no mechanism for reporting and accountability regarding the quality of inmate healthcare, and neither Hale nor Jefferson County have made any effort to hold ACH accountable for how it handles inmate healthcare.

74.     To the contrary, Hale and Eddings have trained jail personnel to defer

13

to ACH regarding medical matters and, as a matter of policy and practice, to assist ACH in controlling costs by having individuals who need outside treatment released from jail and by allowing ACH to make all decisions regarding outside services, including emergency room referrals and necessary surgery.

75.     Defendant ACH acted through one or more individuals who acted as final policymakers for ACH, including defendants Johnson, Hicks, and Fowler.

76.     Defendant Jefferson County caused or contributed to the above-described customs or policies by not providing adequate funds for medical treatment for the prisoners in its custody, by continuing to retain ACH because of or in spite of ACH's known policies and practices, and in other ways.

77.     All defendants acted jointly and in concert with each other. Each defendant had the duty and the opportunity to protect Bates, to obtain necessary medical treatment for Bates in a timely manner and/or to establish policies and procedures and implement training regarding such treatment, but each defendant failed and refused to perform such duty, thereby proximately causing Bates' damages.

78.     All defendants, acting under color of state law, inflicted or caused to be inflicted cruel and unusual punishment upon Bates in violation of the Fourteenth Amendment to the United States Constitution. All defendants acted with deliberate indifference.

79.     All defendants acted with intent to violate  Bates' constitutional rights

or with reckless disregard for those rights, justifying punitive damages against the individual defendants and ACH.

80.    As a result of the conduct of defendants, Bates was and will be caused to suffer physical and emotional injuries and damages, was and will be caused to incur medical and other expenses, has suffered other injuries and damages, and will suffer other injuries and damages in the future.

### Count I - 42 U.S.C. § 1983 - Deliberate Indifference to Serious Medical Needs

81.    The individual defendants, acting under color of state law within the meaning prescribed by 42 U.S.C. § 1983, were deliberately indifferent to  Bates' serious medical needs as described above.  These defendants, despite knowledge of a serious medical need, took no action or clearly inadequate action and did thereby deprive Bates of her rights as a pretrial detainee under the Fourteenth Amendment to the Constitution of the United States in violation of 42 U.S.C. § 1983.

82.    Defendants Hale, Eddings, Johnson, Hicks, and Fowler are supervisory officials for ACH and/or the jail and were responsible for development and implementation of policies and procedures for medical care at the jail and by action and inaction established the unconstitutional customs and policies described above. These defendants and ACH did thereby deprive Bates of her rights as a pretrial detainee under the Fourteenth Amendment to the Constitution of the United States

in violation of 42 U.S.C. § 1983.

83.     Defendant Jefferson County intentionally refused to adequately fund medical care as described above with deliberate indifference to the serious medical needs of inmates such as Bates, had a policy of not adequately funding inmate medical care, and did thereby contribute to cause  Bates' injuries and the individual defendants' denial of necessary medical treatment for  Bates' serious medical needs.

84.     Defendants Jefferson County and Hale are also liable for the acts of ACH and its policymakers, including Johnson, Hicks, and Fowler, as Jefferson County and Hale delegated their final policymaking authority to them.

85.     As a result of the conduct of defendants, Bates was and will be caused to suffer physical and emotional injuries and damages, was and will be caused to incur medical and other expenses, has suffered other injuries and damages, and will suffer other injuries and damages in the future.

## Count II - Negligence / Wantonness

86.     The individual ACH defendants and unknown ACH employees involved with  Bates' care owed a duty to Bates to meet the standard of care applicable to inmates and/or to make sure those under their supervision were trained adequately regarding the proper care of such inmates and that adequate policies and procedures regarding the proper care of such inmates were in place.  This standard of care

16

required, among other things, emergency surgery, antibiotics, and narcotic pain medication.  These defendants negligently and/or wantonly violated this standard of care or caused it to be violated with the foreseeable result that Bates suffered damages.

87.    Because ACH personnel were acting within the scope of their employment, defendant ACH is liable for their negligence and/or wantonness.

88.    As a result of the conduct of defendants, Bates was and will be caused to suffer physical and emotional injuries and damages, was and will be caused to incur medical and other expenses, has suffered other injuries and damages, and will suffer other injuries and damages in the future.

## Count III - ADA

89.    Bates' ankle problem, described above, is a physical impairment that substantially limited one or more of her major life activities, including the major life activities of climbing and balancing, and therefore has a disability within the meaning of the Americans with Disabilities Act.

90.    Defendants Hale and Jefferson County and their jail are public entities within the meaning of Title II of the Americans with Disabilities Act.

91.    By their above-described actions, these defendants, directly or through their agent, ACH, discriminated against Bates because of her disability by denying

her the benefits of services and programs, specifically including its laundry and housing programs, by failing to accommodate Bates' disability.

92.    As a result of the conduct of defendants, Bates was and will be caused to suffer physical and emotional injuries and damages, was and will be caused to incur medical and other expenses, has suffered other injuries and damages, and will suffer other injuries and damages in the future.

## Other Matters

93.    All conditions precedent to the bringing of this suit have occurred.

## Relief Sought

94.    As relief, plaintiff seeks the following:

a.    That plaintiff be awarded such compensatory damages as a jury shall determine from the evidence plaintiff is entitled to recover;

b.    That plaintiff be awarded against the individual defendants such punitive damages as a jury shall determine from the evidence plaintiff is entitled to recover;

c.    That plaintiff be awarded prejudgment and postjudgment interest at the highest rates allowed by law;

d.    That plaintiff be awarded the costs of this action, reasonable attorney's fees, and reasonable expert witness fees;

e.    That plaintiff be awarded appropriate declaratory and injunctive relief; and

f.    That plaintiff be awarded such other and further relief to which plaintiff is justly entitled.

Respectfully submitted,


s/ Henry F. Sherrod III
Henry F. Sherrod III (ASB-1200-D63H)
HENRY F. SHERROD III, P.C.
119 South Court Street (35630)
P. O. Box 606
Florence, Alabama 35631-0606
Phone: 256-764-4141
Fax: 877-684-0802
Email: hank@alcivilrights.com


Attorney for Plaintiff

## Jury Demand

Plaintiff requests a trial by jury.

s/ Henry F. Sherrod III
Henry F. Sherrod III

19